MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Javier Perez,                        )
                                     )
              Plaintiff,             )
                                     )
         v.                          )      08 C 2401
                                     )
Jennifer Witherspoon, et al.,        )
                                     )
              Defendants.            )

MEMORANDUM ORDER

Javier Perez ("Perez") has filed a 42 U.S.C. § 1983 ("Section 1983") Complaint against Chief of Corrections Jennifer Witherspoon and Administrative Lieutenant Megan Mecardo of the Lake County Jail (where Perez is in custody), adding the Lake County Jail itself as a third defendant. Perez invokes 28 U.S.C. § 1915 ("Section 1915") in an effort to obtain in forma pauperis status, filing for that purpose an In forma Pauperis Application ("Application") and a printout from the Lake County Jail reflecting the transactions in his trust fund account there for the six months preceding the bringing of this lawsuit. This memorandum order will address the Application first, then turn to Perez's claim.

During the six months preceding suit the average monthly deposits to Perez's trust fund account (see Section 1915(b)(1)) came to $87.19. Hence the Application is granted to the extent that Perez need not pay the full $350 filing fee in advance, but he is obligated to do so in installments, with the first

installment being $17.44 (20% of $87.19) (id.).  Accordingly,
Perez is assessed that initial fee of $17.44, and the Lake County
Jail trust fund officer is ordered to collect that amount from
Perez's trust fund account there and pay it directly to the Clerk
of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago, IL 60604
>
> Attention: Fiscal Department

After such payment, the trust fund officer at Lake County
Jail (or at any other correctional facility where Perez may
hereafter be confined) is authorized to collect monthly payments
from his trust fund account in an amount equal to 20% of the
preceding month's income credited to the account.  Monthly
payments collected from the trust fund account shall be forwarded
to the Clerk each time the amount in the account exceeds $20
until the full $350 filing fee is paid.  Both the initial payment
and all future payments shall clearly identify Perez's name and
Case No. 08 C 2401 assigned to this action.  To implement these
requirements, the Clerk shall send a copy of this order to the
Lake County Jail trust fund officer.

As for Perez's claim, he asserts that his constitutional
rights have been violated because he is being held in the
Punitive Segregation Unit without having been given a hearing
regarding his altercation with a correctional officer that led to

2

that segregated placement.  But the problem with Perez's
Complaint is that he has not told enough about the circumstances
of the alleged deprivation.  Under 42 U.S.C. § 1997(e)(a) the
exhaustion of administrative remedies is made a precondition to
any prisoner's institution of a lawsuit such as this one, and
Perez has said nothing to indicate that he has pursued (let alone
exhausted) the available administrative remedies.

Accordingly, this Court orders Perez to file an appropriate
amendment to his Complaint on or before May 15, 2008, setting out
all relevant information as to his having pursued his
administrative remedies and as to the actions taken by the
authorities in response to those efforts.  For that purpose it
would be best if Perez were to attach copies of whatever
documents evidence those matters.  In the absence of such a
filing, this Court would be constrained to dismiss both the
Complaint and this action pursuant to 42 U.S.C § 1997(e)(a).[1]

Milton I. Shadur
Senior United States District Judge

Dated:   April 29, 2008

---

[1] It should be added that if Perez is in fact permitted to
proceed with his lawsuit, Lake County Jail must be dismissed as a
defendant.  It is not a suable legal entity -- not a "person" --
within the scope of Section 1983.

3